UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RUSSELL THOMAS, | ) | Case No.: 09-CV-05211-LHK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| v. | ) | MOTION FOR SUMMARY |
| | ) | JUDGMENT; GRANTING |
| MICHAEL J. ASTRUE, Commissioner, Social | ) | DEFENDANT'S CROSS MOTION FOR |
| Security Administration, | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | (re: docket #13 and #17) |
| | ) | |
| | ) | |

Plaintiff Russell Thomas ("Plaintiff") brings this action to obtain review of the Social Security Administration Commissioner's final decision denying his claim for disability benefits. Plaintiff seeks an order reversing the final decision of the Commissioner and awarding benefits, or alternatively remanding for a new hearing. Presently before the Court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the Court DENIES Plaintiff's motion for summary judgment [dkt. #13] and GRANTS Defendant's cross-motion for summary judgment [dkt. #17].

1

# I. BACKGROUND

## A. Plaintiff's Age and Educational, Vocational, and Medical History

Plaintiff was born in 1971, and was thirty-six years old on the alleged amended disability onset date of June 12, 2007. Administrative Transcript ("Tr.") 104-05. Plaintiff has completed high school, and completed vocational school in computers. Tr. 142-43. In addition, as of March 2008, Plaintiff reported taking classes in web page and graphic design. Tr. 290. The record documents that Plaintiff has held a series of jobs, including warehouse shipping and receiving, warehouse stocking, and customer service between 1990 and October 2006. Tr. 138. Plaintiff has not worked since his incarceration, based on a domestic violence conviction, from October 28, 2006 through March 2007. Tr. 229, 231. Prior to his incarceration, Plaintiff had a full time job as a customer service employee. Tr. 138.

In an October 29, 2006 initial inmate "Crisis Assessment" evaluation, Plaintiff reported having mood swings and depression, and reported a history of methamphetamine use. Tr. 235. In a July 2007 comprehensive psychiatric evaluation, Plaintiff reported having a longstanding history of methamphetamine abuse and heavy alcohol abuse. Tr. 250. In that July 2007 evaluation, Dr. Phyllis Thurstone diagnosed Plaintiff has having a "history of bipolar II disorder," and being "primarily depressed." Tr. 251. In an August 2007 mental residual functional capacity assessment, SSA medical consultant Dr. M.J. Krelstein determined that Plaintiff was not significantly limited, but did have moderate limitations in his ability to understand and carry out instructions, and in his ability to interact with the general public. Tr. 264-66. Finally, in a February 2008 questionnaire completed at the request of Plaintiff's attorney, Dr. Susan Harris reported that Plaintiff was being treated with "Abilify" as an antipsychotic and mood stabilizing medication, and that Plaintiff's prognosis was "fairly good for slow recovery." Tr. 276.

2

### B. Procedural History

On May 22, 2007, Plaintiff completed an application for disability benefits. Plaintiff alleged a disability onset date of October 28, 2006 due to depression and bipolar disorder. *See* Tr. 104-112, 137. In his application, Plaintiff represented that he worked from 1990 to 2006, but had not worked since his incarceration from October 28, 2006 to March 28, 2007. Tr. at 105. The Social Security Administration (SSA) denied this application, finding that, despite Plaintiff's depression and anxiety at times, Plaintiff could still "think, communicate, and act in [his] own interest." Tr. at 60. The SSA also denied Plaintiff's application for reconsideration. Tr. at 69. Plaintiff then requested a hearing before an administrative law judge (ALJ), and also requested an amended disability onset date of June 12, 2007. Tr. 75, 209.

The ALJ held a hearing at which Plaintiff was represented by counsel and testified on his own behalf. Tr. at 21-44. The ALJ issued a decision finding that Plaintiff did suffer from depression (a "severe impairment" under Social Security disability regulations). Tr. at 11-20. However, the ALJ denied Plaintiff's claim on the ground that Plaintiff was not "disabled" under the Social Security Act because his impairment "has not lasted or is not expected to last for a continuous period of twelve months." Tr. at 14. The ALJ's decision became final when the SSA Appeals Council denied Plaintiff's request for review. Tr. at 1-3.

Plaintiff brought suit in this Court seeking judicial review of the ALJ decision pursuant to 42 U.S.C. § 405(g). Both parties have filed motions for summary judgment.

## II. LEGAL STANDARDS

### A. Standard for Reviewing the ALJ Decision

The Court has authority to review the ALJ decision pursuant to 42 U.S.C. § 405(g). The Court may only disturb the ALJ decision if it is unsupported by substantial evidence in the record as a whole or if it is not an application of the proper legal standard. 42 U.S.C. § 405(g); *Vertigan v.*

3
Case No.: 09-CV-5211-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

*Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).

### B. Standard for Determining Disability

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or *which has lasted or can be expected to last for a continuous period of not less than twelve months*." 42 U.S.C. § 423(d)(1)(A) (emphasis added). The impairment must also be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). If the claimant proves a prima facie case of disability, showing that (1) she is not presently engaged in a gainful activity, (2) that her disability is severe, and (3) that she cannot perform work she has done in the past, then the Commissioner has the burden of establishing that she can perform "a significant number of other jobs in the national economy." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).

The ALJ evaluates Social Security disability cases using a five-step evaluation process. 20 C.F.R. § 404.1520.

1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

4

Case No.: 09-CV-5211-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments, 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. § 404.1520(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If he cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. § 404.1520(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. The Commissioner must show that the claimant can perform some substantial gainful work in the national economy, considering a claimant's age, education, and vocational background. 20 C.F.R. § 404.1520(g)(1).

### III. ANALYSIS

The ALJ found that Plaintiff was not engaged in substantial gainful activity (step one), and that Plaintiff suffered from the severe impairment of depression (step two). The primary dispute here is over steps three and four of the analysis, namely the ALJ's determination that Plaintiff's impairment, or combination of impairments, did not satisfy the twelve-month durational period and the ALJ's determination that Plaintiff had the residual functional capacity (RFC) to perform the full range of work with certain "nonexertional" limits (e.g., limited interaction with the general public and occasional changes of pace).

### A. Substantial Evidence in the Record Supports the ALJ's Conclusion that Plaintiff's Impairment Does Not Satisfy the Twelve-Month Durational Requirement.

To satisfy the durational requirement, the impairment, unless expected to result in death, must have lasted or be expected to last for a continuous period of at least twelve months. *See* 20 C.F.R. § 404.1509, 416.909; *see also Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002). "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility" for disability benefits. *See Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006). In this case, after considering Plaintiff's medical and psychiatric record, positive response to treatment, and the opinions of treating and examining psychiatrists, the ALJ found that Plaintiff's impairment of depression did not meet the twelve-month continuous duration requirement. Tr. 14. The Court finds no reason to disturb the ALJ's decision.

The ALJ determined that Plaintiff was unable to work from June 12, 2007 to March 28, 2008, but was able to work thereafter because Plaintiff's condition had improved. Tr. 13-14. In reaching this conclusion, the ALJ gave greater weight to medical opinions of both the treating and examining doctors that were provided after March 28, 2011, and gave less weight to medical opinions provided prior to March 28, 2008. Substantial evidence in the record supports the ALJ's determination that Plaintiff's condition (depression) had improved prior to the twelve month durational requirement. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record"). For example, in her April 2008 assessment, Dr. Harris, one of Plaintiff's treating psychiatrists, reported that Plaintiff was "doing well" and was "stable on meds." Tr. 289. Dr. Harris repeated her conclusion that Plaintiff was doing well in monthly reports between May and August 2008. Tr. 283-90. In October 2008, Dr. Harris reported that Plaintiff was experiencing a "bit of depression," but that Plaintiff reported feeling better a few weeks later after receiving an increased dosage of the

6

Case No.: 09-CV-5211-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

antidepressant Celexa. Tr. 281, 312. Aside from the medical evidence, the record also supports the ALJ's determination that, despite moderate difficulties, Plaintiff could perform activities of daily living such as making himself food, performing household chores, and doing his own laundry. Tr. 40. Plaintiff could also function socially with others including family, friends, and even with strangers in support groups. Tr. 310-12.

Plaintiff argues that the ALJ erred by failing to give greater weight to the July 2007 opinion of Dr. Thurstone, Tr. 249-52 (finding that Plaintiff had a history of bipolar II disorder and was primarily depressed), and the February 2008 evaluation of Dr. Harris (checking box that Plaintiff would be "unable to meet competitive standards" of workplace). Tr. 276-80. The ALJ, however, expressly disclaimed reliance on these opinions because they were early in Plaintiff's treatment, and because Plaintiff's condition had improved. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) (an ALJ may discount opinions by pointing to specific and legitimate reasons for doing so in the record supported by substantial evidence). The improvement of Plaintiff's impairment prior to the twelve month durational requirement, documented above, is a legitimate reason to give greater weight to more recent medical opinions. *See Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002). Moreover, the Court notes that the July 2007 and February 2008 opinions both contain opinions that *support* the ALJ's conclusion. The July 2007 opinion states that Plaintiff's "problem is under treatment," and that Plaintiff "feels he is improved, having had psychiatric treatment." Tr. 252. The February 2008 opinion states that Plaintiff's prognosis is "fairly good for slow recovery." Tr. 276.

Plaintiff also argues that the ALJ did not adequately address the June 2007 "function report" of lay witness Reuben Martinez, Plaintiff's partner, which represented that Plaintiff was "always in a very depressive state of mind" and was "not motivated." Tr. 149-64. However, in a paragraph distinguishing between Plaintiff's condition pre-March 2008 and post-March 2008, the

7
Case No.: 09-CV-5211-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

ALJ noted that Mr. Martinez's opinion was given the "weight appropriate for sources that are not acceptable medical sources." Tr. 19. Thus, the clear import of the ALJ's conclusion is that Mr. Martinez's testimony, which was provided at the same time as Plaintiff's amended disability onset date, did not outweigh the substantial medical evidence that Plaintiff's condition had improved. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

In sum, the ALJ did not err in concluding that Plaintiff's impairment did not satisfy the twelve month durational requirement of the Social Security disability guidelines.

**B. The ALJ Properly Considered the Severity of All of Plaintiff's Impairments.**

"An impairment or combination of impairments is not severe if it does not significantly limit [a claimant's' physical or mental ability to do basic work activities," with "daily work activities" defined as the "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521. An impairment, or combination of impairments, is not severe if it has "no more than a minimal effect on an individual's ability to do work." *See Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Here, the ALJ determined that Plaintiff's depression was a severe impairment. Plaintiff contends, however, that the ALJ erred in determining that the record did not sufficiently establish a connection between any symptoms caused by Plaintiff's alleged bipolar disorder and schizoaffective disorder and significant limitations on Plaintiff's ability to perform basic work activities. Tr. 13-14.

The record establishes otherwise. The July 2007 evaluation of Dr. Thurstone reported that Plaintiff had a "history of bipolar II disorder," but noted that Plaintiff was "primarily depressed." Tr. 251. Dr. Thurstone noted that Plaintiff's "problem is under treatment," with the then-current medications of Abilify, Lexapro, and Risperdal, and that Plaintiff had adequate intellectual functioning and thought content. Tr. 249-52. In June 2007, Dr. Harris diagnosed Plaintiff as

8

Case No.: 09-CV-5211-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

having bipolar disorder, but, by December 2007, changed that diagnosis to schizoaffective disorder." Tr. 293, 304. As noted above, Plaintiff's symptoms improved when Dr. Harris treated Plaintiff for depression with psychiatric treatment and antidepressant medications (Abilify and Celexa). There is little doubt that Plaintiff had mental impairments. However, substantial evidence in the record documents Plaintiff's ability, with treatment, to perform basic work activities. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability."). Accordingly, the Court finds no reversible error in the ALJ's conclusion.

### C. The ALJ Did Not Err in Assessing Plaintiff's Residual Functional Capacity and Capability of Performing Past Relevant Work

Although the ALJ determined that Plaintiff's depression did not satisfy the twelve month durational requirement and that Plaintiff's other impairments were not severe, the ALJ still proceeded to step four of the analysis, and evaluated Plaintiff's residual functional capacity (RFC) considering the effect of all of Plaintiff's impairments. The ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels, but had certain "nonexertional limitations." Tr. 16. In addition, the ALJ found that Plaintiff could perform work he had done previously, e.g., shipping/receiving and security work. Tr. 19. Despite Plaintiff's objections, substantial evidence in the record supports both of the ALJ's findings.[1]

With respect to Plaintiff's RFC, the ALJ acknowledged Plaintiff's symptoms of lack of motivation, depressive state of mind, and difficulty concentrating and following complicated

---

[1] The Court will not repeat the substantial evidence in the record establishing improvement of Plaintiff's impairment after March 2008. That improvement, however, also supports the ALJ's conclusion with respect to Plaintiff's RFC.

9

Case No.: 09-CV-5211-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

instructions. Tr. 17.[2] However, the ALJ pointed to credible medical and lay evidence that Plaintiff could perform household chores; travel daily on public transportation; attend group substance abuse sessions; interact with others; and work through emotional outbursts and anxiety by talking to someone. *Id*. The ALJ also highlighted Plaintiff's work history from 1990 to October 2006, in which Plaintiff reported having difficulty working with others, but also reported that he would usually ask for help. Moreover, Plaintiff did not quit and was not fired from his last job. Rather, Plaintiff's chain of employment was broken only by his domestic violence incarceration on October 28, 2006.

With respect to Plaintiff's previous relevant work, the ALJ noted that Plaintiff had worked in customer service from March 2006 to October 2006 for eight hours per day, four days a week; in shipping and receiving from 1990 through 2002 for eight hours per day, five days a week; and security from 1997 through 1998. Tr. 19. The ALJ determined that Plaintiff could perform his previous work as a shipping/receiving and security worker despite nonexertional limitations regarding interaction with the public and the need for occasional changes of pace. *Id*. Plaintiff reported that his past work in shipping/receiving and security involved minimal supervision and interaction with others. Tr. 138-39; *see also Matthews*, 10 F.3d 678 at 681 (finding claimant's testimony regarding duties of past occupation highly probative). In light of the conclusion regarding Plaintiff's ability to perform basic work functions and Plaintiff's own testimony, the ALJ did not commit reversible legal error in finding that Plaintiff could perform previous relevant work.

### IV. CONCLUSION

The ALJ's conclusion that Plaintiff is not disabled under the Social Security Act is free of reversible legal error and is supported by substantial evidence in the record. Accordingly, the

---

[2] The ALJ also determined that Plaintiff's complaints about his symptoms were not entirely credible because those complaints were not consistent with substantial evidence in the record. Tr. 17. Plaintiff does not challenge that credibility finding before this Court.

Court affirms the ALJ's decision.  Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 28, 2011

_____
LUCY H. KOH
United States District Judge